UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER R. BACON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-183-HBG |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 15].

Now before the Court is Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 16-1] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Jennifer R. Bacon[2] ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Andrew M. Saul ("the Commissioner"). For the reasons that follow, the Court will **GRANT IN PART** Plaintiff's motion and **DENY** the Commissioner's motion.

### I. PROCEDURAL HISTORY

On June 13, 2016, Plaintiff protectively filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., claiming a period

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

[2] The Court notes that Plaintiff is listed as "Jennifer Renee Keith" on the ALJ's hearing decision and her earlier records with the Social Security Administration. *See* [Tr. 18].

of disability that began on December 31, 2013. [Tr. 18, 161–62]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 98–99]. A hearing was held on October 11, 2018. [Tr. 32–61]. On December 21, 2018, the ALJ found that Plaintiff was not disabled. [Tr. 18–27]. The Appeals Council denied Plaintiff's request for review on March 27, 2019 [Tr. 1–7], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on May 21, 2019, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since December 31, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus; and pituitary tumor, status post resection surgery in January of 2017 (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a restricted range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently; she can sit 6 hours total; she can stand and walk 2 hours total; she can never climb ladders, ropes, and scaffolds; she can frequently balance and climb ramps/stairs and

> can occasionally perform all other postural activities. The claimant should avoid all exposure to work place hazards.
>
> 6. The claimant is capable of performing past relevant work as an office manager and bookkeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2013, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 20–27].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762,

3

773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff asserts that the ALJ's disability decision is not supported by substantial evidence in several regards. First, Plaintiff maintains that the ALJ did not adequately develop the record by failing to order a consultative examination. [Doc. 16-1 at 9–10]. Next, Plaintiff asserts that substantial evidence does not support the ALJ's RFC determination because evidence in the medical record establishes that she suffers from weakness, fatigue, and an inability to stand/walk for extended periods [*Id.* at 11], as well as that further limitations with regard to Plaintiff's mental health functioning stemming from her anxiety were warranted [*Id.* at 12]. The Court will address Plaintiff's specific allegations of error in turn.

5

Case 3:19-cv-00183-HBG   Document 19   Filed 08/21/20   Page 5 of 19   PageID #: 1088

### A. ALJ's Responsibility to Develop the Record

Plaintiff asserts that the ALJ did not adequately develop the record, as she failed to order a consultative examination, and instead "relied solely on the opinion evidence of agency non-examining consultants who had not had an opportunity to examine and evaluate the Plaintiff." [*Id.* at 9]. Moreover, Plaintiff notes that one of the nonexamining state agency consultants noted that there was not enough evidence in the record to assess the severity of her medical impairments. Therefore, Plaintiff claims that "[g]iven that the record was lacking with regard to physical examinations which addressed the issue of impairment and limitation, the [ALJ] erred in not obtaining a consultative exam in accordance with 404.1519a(b)." [*Id.* at 10].

The Commissioner maintains that the ALJ adequately developed the record by reviewing "voluminous contemporaneous treatment and examination records from the relevant period," which she found did not objectively support the presence of disabling limitations, as well as reviewing the opinions of the non-examining state agency physicians, the lack of limitations imposed by Plaintiff's treating or examining physicians, Plaintiff's activities of daily living, and her own observations of Plaintiff. [Doc. 18 at 6–11].

While the claimant bears the ultimate burden of establishing that she is entitled to disability benefits, the ALJ has an affirmative duty to develop the factual record upon which her decision rests, regardless whether the claimant is represented by counsel. *See, e.g., Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, (6th Cir. 2010) ("This court has also long recognized an ALJ's obligation to fully develop the record.") (citation omitted); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (stating the ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing").

The regulations provide that the agency "may ask [the claimant] to have one or more

6

physical or mental examinations or tests" if the claimant's "medical sources cannot or will not give us sufficient medical evidence" to determine whether the claimant is disabled. 20 C.F.R. § 404.1517. Additionally, "[a]n ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). The ALJ had no "special, heightened duty to develop the record" in this case because Plaintiff was represented by counsel. *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002). However, the ALJ has the ultimate responsibility to ensure that a claimant receives a full and fair hearing, *Richardson v. Perales*, 402 U.S. 389, 411 (1971), which includes a duty to fully and fairly develop the record. *See Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1111 (6th Cir. 1986).

At the initial level of the agency's review, Karla Montague-Brown, M.D., and Karen Lawrence, Ph.D., reviewed the evidence of record at the initial level of the agency's review on July 22, 2016 and July 26, 2016, respectively. [Tr. 62–71]. Dr. Lawrence opined that Plaintiff had only mild limitations in daily living, social functioning, and concentration and that Plaintiff did not meet the criteria of Listing 12.06–Anxiety Related Disorders. [Tr. 65]. Dr. Montague-Brown opined that Plaintiff could occasionally lift and/or carry up to twenty pounds; frequently lift and/or carry up to ten pounds; stand and/or walk, with normal breaks, for a total of two hours; and sit, with normal breaks, for a total of six hours in an eight-hour workday. [Tr. 67]. However, Dr. Montague-Brown also noted that that the medical record was "insufficient to assess severity from AOD [alleged onset sate] to MOD [05/2015]." [Tr. 69].

James Mendelson, Ph.D., reviewed the evidence of record at the reconsideration level of the agency's review on January 19, 2017, and found that Plaintiff's mental impairments do not result in more than non-severe limitations, even after the inclusion of new evidence in the medical

7

record. [Tr. 80]. Thomas Lawhorn, M.D., reviewed the evidence of record at the reconsideration level on May 14, 2017, and affirmed Dr. Montague-Brown's findings. [Tr. 81–86].

In the disability decision, the ALJ gave great weight to the opinions of the state agency medical consultants, as they are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims." [Tr. 25]. Moreover, the ALJ found that the opinions "are supported by detailed explanation, rationale, and analysis of the medical evidence of record available at [the] time of their review." [*Id.*]. However, the ALJ assigned greater weight to the opinions of the nonexamining state agency consultants at the reconsideration level of the agency's review, "based on subsequent evidence reviewed, which is consistent with the medical evidence of record as a whole." [*Id.*].

Plaintiff challenges the ALJ's failure to order a consultative examination when there was no opinion delivered by an examining or treating physician, and the ALJ instead relied upon the opinion of the nonexamining state agency physicians.

"In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008). In *Deskin*, the Northern District of Ohio found that "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations . . . to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Id.* While *Deskin* has been widely criticized as being overly broad, it has been interpreted to detail that "[s]uch general rule 'applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence.'" *Snell v. Comm'r of Soc. Sec.*, No. 3:18-CV-173, 2019 WL

8

3406435, at *3 (S.D. Ohio July 29, 2019) (quoting *Kizys v. Comm'r of Soc. Sec.,* 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011)).

The first circumstance described in *Deskin* does not apply in the present case, as the ALJ considered the opinions of the nonexamining state agency physicians. Moreover, the Court does not find that the ALJ's RFC determination was based on an "outdated" medical source opinion "that [did] not include consideration of a critical body of objective medical evidence." *Kizys*, 2011 WL 5024866, at *2.

Plaintiff largely bases her argument upon Dr. Montague-Brown's notation that the medical records before her were insufficient to assess severity from the alleged onset date. [Doc. 16-1 at 5]. However, the ALJ noted that greater weight was assigned to Dr. Lawhorn's opinion, as it was "based on subsequent evidence reviewed." [Tr. 25]. Additionally, the ALJ reviewed Plaintiff's treatment records in great detail, including the medical record after Dr. Montague-Brown's July 2016 opinion. *See* [Tr. 23–25]. Plaintiff does not allege that the medical opinions of the nonexamining state agency physicians were outdated or point to specific medical evidence in the record that the ALJ failed to review. *See Blackburn v. Berryhill*, No. CV 18-4-DLB, 2018 WL 4904947, at *6 (E.D. Ky. Oct. 9, 2018) (holding the ALJ did not err by failing to order a consultative examination and instead relying on the opinion of a non-examining medical source who reviewed limited records as "[t]here was a sufficient record to allow the ALJ to reach his conclusion").

Moreover, other than her arguments regarding the RFC determination's standing and walking limitations and mental health limitations, which the Court will discuss below, Plaintiff does not allege how the nonexamining state agency physicians' opinions are not supported by substantial evidence. "In appropriate circumstances, opinions from State agency medical . . .

9

consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). "Where, as here, Plaintiff's treating source did not provide a medical opinion, the ALJ was not required to apply the treating physician rule." *Blackburn*, 2018 WL 4904947, at *4.

Additionally, it is well-established that when evaluating the claimant's RFC, the ALJ is not required to base his RFC findings entirely on a physician's opinion. *See, e.g.*, *Mokbel-Alijahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ.") (citing *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442–43 (6th Cir. 2017) (rejecting the argument that "the ALJ's [residual functional capacity] lacks substantial evidence because no physician opined that [the claimant] was capable of light work"); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the same argument because "the ALJ is charged with the responsibility of determining the [residual functional capacity] based on her evaluation of the medical and non-medical evidence")).

Ultimately, the Court finds that the AL did not err by failing to order a consultative examination in this case. The Court notes that Plaintiff possesses the burden to demonstrate that she suffers from a disabling condition. *Trandafir v. Comm'r of Soc. Sec.,* 58 F. App'x 113, 115 (6th Cir. 2003) (citing 20 C.F.R. § 404.1512(a)); *see also Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) ("The burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant.") (internal citation omitted). The Commissioner appropriately afforded great weight to the opinions of the nonexamining state agency physicians,

and extensively reviewed Plaintiff's treatment records after their opinions. Further, the applicable regulations do not require an ALJ to refer a claimant to a consultative specialist. *See Landsaw*, 803 F.2d at 214; *see also Foster v. Halter,* 279 F.3d 348, 355 (6th Cir. 2001). It is not error to fail to obtain additional evidence where the record contains a "considerable amount of evidence" pertaining to the claimant's limitations. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013). Therefore, Plaintiff's assertion that the ALJ failed to develop the record does not constitute a basis for remand.

### B. ALJ's RFC Determination

Plaintiff also challenges the ALJ's RFC determination, asserting that further limitations regarding her inability to stand/walk for extended periods of time, as well as due to her mental health functioning, were warranted.

#### 1. Standing and Walking Limitations

Plaintiff claims that the ALJ's RFC determination is not supported by substantial evidence, as it "does not adequately address Plaintiff's standing and walking limitations." [Doc. 16-1 at 11]. Plaintiff notes her testimony at the hearing that she suffers from fatigue, muscle weakness, balance issues, and difficulty maintaining concentration, as well as that she has difficulty walking longer than thirty minutes. [*Id.*]; *see* [Tr. 44–57]. Additionally, Plaintiff points to her testimony that her physician had written her a prescription for a cane/scooter [Tr. 50–51], which she claims is corroborated by treatment notes from Fountain City Family Physicians [Tr. 636–38] and Vanderbilt University Medical Center, in particular the physicians at Vanderbilt stating she experiences "difficulty walking or climbing stair[s]" and "dressing or bathing" [Tr. 770, 784, 807, 829].

11

The Commissioner responds that the ALJ "properly considered the lack of limitations set forth by treating physicians," reviewed Plaintiff's treatment records and the opinions of the nonexamining state agency consultants, as well as reviewed Plaintiff's testimony and activities of daily living. [Doc. 18 at 7–11].

An ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering the RFC. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). "The Sixth Circuit has repeatedly upheld ALJ decisions where the ALJ rejected medical opinion testimony and determined [the] RFC based on objective medical evidence and non-medical evidence." *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (internal citations omitted). "Rather, it is the Commissioner's prerogative to determine whether a certain symptom or combination of symptoms renders a claimant unable to work." *Luukkonen v. Comm'r Soc. Sec.*, 653 F. App'x 393, 402 (6th Cir. 2016) (citing 20 C.F.R. § 416.929(c)(1), -(d)(2)). The ALJ is responsible for weighing medical opinions, as well as resolving conflicts in the medical evidence of record. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *see also* 20 C.F.R. § 416.946(c) (stating the final responsibility for assessing a claimant's RFC rests with the ALJ).

Plaintiff's argument is largely based upon the fact that "there is no opinion evidence in the record from an examining source," and her claim that "the ALJ [improperly] chose to rely, in part, on an opinion wherein the physician admits that there is not enough information in the record to assess the severity of Plaintiff's condition." [Doc. 16-1 at 11]. The Court has previously detailed that the ALJ did not err by failing to order a consultative examination, and permissibly considered the opinions of the nonexamining state agency physicians.

12

Moreover, in the disability decision, the ALJ reviewed the medical record in great detail, but found that various forms of treatment have "been generally successful in controlling those symptoms." [Tr. 26]. In particular, the ALJ previously reviewed Plaintiff's treatment for postural orthostatic tachycardia syndrome, her Inferior Petrosal Sinus procedure, and pituitary tumor removal. [Tr. 23–25]. For example, the ALJ cited to Plaintiff's follow-up appointment with the Vanderbilt University Medical Center – Neurology Clinic on June 13, 2018, where Dr. Amanda Peltier noted that Plaintiff's symptoms related to postural orthostatic tachycardia syndrome "have largely resolved since her surgery for Cushing's syndrome." [Tr. 889]. Similarly, the ALJ cited to Plaintiff's August 2018 treatment note reporting improvement with reported problems with weakness, fatigue, and blood pressure vacillations after taking 5 mg of Hydrocortisone. [Tr. 25]. Additionally, the ALJ cited to numerous examination findings within normal limits. [Tr. 23]. Lastly, the ALJ noted Plaintiff's testimony that she was prescribed a cane and purchased a mobility scooter, which she used for long distance walking. [Tr. 22].

Therefore, the ALJ appropriately reviewed that Plaintiff's surgery and prescribed medications were relatively effective in controlling her symptoms, as well as that her examination findings "do not document any objective medical findings that would prevent the claimant from performing work activity within the established residual functional capacity." [Tr. 26]. *See Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017) ("The ALJ's findings are supported by evidence that Shepard's treatment during the relevant period was relatively conservative, generally consisting of pain medications, and that this treatment was generally effective."); *see also Wilson v. Comm'r of Soc. Sec.*, No. 3:13-CV-579, 2014 WL 7015615, at *12 (E.D. Tenn. Dec. 11, 2014) ("Further, the Court concurs with the ALJ's notation that the record is absent a treating or examining physician medical opinion and finds that the ALJ

13

properly addressed and considered the Plaintiff's treatment and examination records in lieu of such opinions.").

"An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted). Also, "[a]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

While Plaintiff points to the notations in her treatment records of difficulty walking, the ALJ also noted that "a review of the record in this case reveals no restrictions or limitations recommended by the treating doctor." [*Id.*]. *See Maher v. Sec'y of Health and Human Serv.,* 898 F.2d 1106, 1109 (6th Cir. 1987) ("[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability.") (citing *Nunn v. Bowen,* 828 F.2d 1140, 1145 (6th Cir. 1987)). Lastly, the ALJ reviewed Plaintiff's activities of daily living, such as reporting being able to take care of her three children and personal needs, doing household chores with breaks, and volunteering at her church, noting that they were "not entirely limited." [Tr. 25].

Here, the ALJ supported her conclusions with a clear and detailed analysis based upon the medical record. The ALJ compared Plaintiff's allegations with the objective medical evidence and other evidence in the record, including her reported daily activities and appearance at the hearing, and found that Plaintiff's subjective allegations were not consistent with the objective record. Accordingly, the Court finds that the ALJ's RFC determination with respect to Plaintiff's physical impairments is supported by substantial evidence, and Plaintiff's allegations of error do not constitute a basis for remand.

14

## 2. Anxiety and Mental Impairments

Plaintiff also claims that the ALJ's RFC determination "does not adequately reflect the mental health limitations that are supported by the many notations of anxiety throughout Plaintiff's treatment records." [Doc. 16-1 at 12]. Plaintiff notes that although the ALJ found her anxiety was a non-severe impairment, the non-examining state agency consultants both opined that she had mild limitations with respect to her mental health impairments.

The Commissioner responds that the ALJ found Plaintiff's anxiety disorder to be a non-severe impairment because it causes no limitations or only mild limitations in the paragraph B criteria areas of mental functioning, and "[t]hus, Plaintiff has no significant mental limitations that affected her ability to work." [Doc. 18 at 11]. Additionally, the Commissioner claims that "[t]his is supported by the findings of the non-examining state agency physicians, as well as the lack of objective findings in the record to support any cognitive issues." [*Id.*].

"Courts . . . have also found, however, that an ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment may constitute reversible error where the ALJ makes no mention of the claimant's mental impairments in the RFC analysis." *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (internal citations omitted); *see White v. Comm'r of Soc. Sec.,* 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"). Social Security Ruling 96-8p establishes that "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

Therefore, "[i]f the ALJ discusses an impairment in the step two severity analysis, and

15

finds the impairment to be nonsevere, he or she must still consider the impact of any non-severe limitations in the RFC analysis." *Hines v. Berryhill*, No. 6:17-CV-160-HAI, 2018 WL 2164873, at *4 (E.D. Ky. May 10, 2018); *see Patterson v. Colvin*, 5:14-CV-1470, 2015 WL 5560121, at *2 (N.D. Ohio Sept. 21, 2015) ("Even when there is substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and that error prejudices a claimant on the merits or deprives the claimant of a substantial right."); *Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *7 (E.D. Mich. Feb. 27, 2015) ("The ALJ's analysis of Plaintiff's mental impairments at Step Two, while otherwise thorough, does not provide the Court with a basis to infer that Plaintiff's mental impairments, either singly or in combination with Plaintiff's other impairments, generated no work-place restrictions or limitations.") (internal citation omitted).

Alternatively, if the ALJ finds that the claimant has at least one severe impairment, then he or she may implicitly consider all impairments—severe and nonsevere—in the subsequent steps. *Scott v. Berryhill*, No. 5:16-CV-108-REW, 2017 WL 875480, at *3 (E.D. Ky. Mar. 3, 2017) (noting ALJ indicated careful consideration of entire record and all symptoms in decision and discussed nonsevere impairments during hearing). "[I]t is well settled that[ ] an ALJ can consider all the evidence without directly addressing in h[er] written decision every piece of evidence submitted by a party." *Id.* (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006)). An "ALJ's failure to cite specific evidence does not indicate that it was not considered." *Id.* (quoting *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004)).

In the present case, remand is ultimately warranted because the ALJ failed to consider Plaintiff's non-severe mental impairment in her RFC analysis. The Court acknowledges that the ALJ noted Plaintiff's testimony that she was unable to work due to cognitive issues, emotional

16

stress, and physical issues" [Tr. 22], as well as that she was diagnosed with anxiety, depression, and sadness after the loss of her baby [Tr. 24]. Additionally, the ALJ detailed Plaintiff's reported activities of daily living. [Tr. 25].

However, the disability decision does not contain any indication that the ALJ considered Plaintiff's nonsevere mental impairments past Step Two of the sequential evaluation. Other than the brief mention detailed above, the ALJ failed to explain why Plaintiff's anxiety disorder did not result in any work-related limitations. In the RFC analysis, the ALJ did not specifically address the effect, or lack thereof, of any mental health treatment. *Cf. Fannin v. Berryhill*, No. 3:17-CV-236-DCP, 2019 WL 1434653, at *11 (E.D. Tenn. Mar. 29, 2019) (noting "remand is not warranted because the ALJ considered Plaintiff's non-severe mental impairments in her RFC analysis" by specifically noting the plaintiff's daily activities were not consistent with disabling mental impairments, and detailing the plaintiff's lack of professional mental health treatment and mild symptoms in the RFC determination). Similarly, the ALJ did not review Plaintiff's claimed symptoms or treatment records for her mental impairments, other than noting a diagnosis of anxiety. *Cf. Hines v. Berryhill*, No. 6:17-CV-160-HAI, 2018 WL 2164873, at *6 (E.D. Ky. May 10, 2018) ("The ALJ's RFC analysis focused primarily on Plaintiff's symptoms of physical impairments, *i.e.* pain in her joints, feet, hands, *etc.*, rather than her mental impairments. However, the ALJ explicitly stated that that 'Wellbutrin was reportedly helpful for depression.'"). Lastly, the ALJ failed to specifically detail the findings related to Plaintiff's mental impairments when reviewing the opinions of the nonexamining state agency psychologists.

While substantial evidence likely supports the ALJ's decision, "[b]oth *Katona* and *Patterson* addressed the substantial evidence standard, concluding that an 'ALJ's failure to adequately explain how an impairment affects an individual's RFC may constitute reversible error'

17

even when supported by substantial evidence." *Workman v. Berryhill*, No. CV 7:16-261-DCR, 2017 WL 3880661, at *4 (E.D. Ky. Sept. 5, 2017) (quoting *Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *7 (E.D. Mich. Feb. 27, 2015)); *see also Patterson v. Colvin*, 5:14-CV-1470, 2015 WL 5560121, at *2 (N.D. Ohio Sept. 21, 2015) ("Even when there is substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.") (quoting *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)) (internal quotation marks and citation omitted). Additionally, boilerplate language regarding the consideration of all impairments will not suffice. *Workman v. Berryhill*, No. 7:16-261-DCR, 2017 WL 3880661, at *2 (E.D. Ky. Sept. 5, 2017) (rejecting boilerplate language indicating ALJ considered all symptoms and remanding when ALJ failed to evaluate mental impairments in RFC analysis); *Johnson v. Colvin*, No. 7:15-039-DCR, 2016 WL 3257124, at *3 (E.D. Ky. June 13, 2016) (same).

Therefore, the Court finds that remand is necessary due to the ALJ's failure to discuss Plaintiff's non-several mental impairments in the RFC analysis, and consider whether Plaintiff's anxiety disorder contributed, in any way, to an inability to perform substantial gainful work. *See Patterson*, 2015 WL 5560121, at *5 ("Under these circumstances, the Court cannot conclude that the ALJ properly considered all impairments in accordance with SSR 96–8p and remand is necessary."); *see, e.g.*, *Dixon v. Colvin*, No. CV 5: 15-269-DCR, 2016 WL 3661262, at *6–7 (E.D. Ky. July 5, 2016) ("Because there is no discussion of whether Dixon's anxiety impairment contributed to his inability to perform substantial gainful work, remand on this issue is necessary.").

18

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 16**] will be **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] will be **DENIED**. This case will be **REMANDED** to the SSA for the ALJ to appropriately address the claimant's severe and non-severe mental and physical impairments in the RFC determination.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge